Davis, J.
It is insisted by the counsel for the defendant in error that the ordinance.which was passed February 11, 1895, and accepted in writing by the plaintiff in error, is void because it contravenes sections 1691, 2478, 2479 and 2485 of the Revised Statutes; and that therefore the city council might lawfully enact the ordinance of September 18, 1900. If this were so -it would not follow that this latter ordinance is valid. The power conferred on the council of any city or village by sections 2478 and 2479 is the power to fix the maximum price at which the company may sell gas. This is the obvious meaning and intent of these sections when read together. It is true that section 2479 contains these words; “In case the council fixes *206 the minimum price,” etc.; but it is clear from the preceding section that the purpose of the legislature was not to prevent a gas company from selling gas as low as it might, but to protect the public from the hardships of excessive charge, and therefore the council is authorized to fix the limit above which the gas company cannot go. We may apply here the rule of statutory construction that “when the real design of the legislature in ordaining a statute, although it be not precisely expressed, is yet plainly perceivable, or ascertained with reasonable certainty, the language of the statute must be given such a construction as will carry that design into effect, even though in so doing the exact letter of the law be sacrificed, or although the construction be, indeed, contrary to the latter.” Endlich on Statutes, section 295; Sutherland on Statutes, section 323. It is also provided that if the gas company assents to such limitation in writing it then becomes a binding obligation on both the city and the company for ten years and no more. This is the extent of the authority granted to the council, and no other or different power is either expressed or implied. When, therefore, the council undertakes, even in the absence of a prior ordinance, to compel the gas company without its consent to furnish gas in a manner and at a rate entirely at the option of the consumer, it not only transcends the power conferred by the legislature, but it also undertakes to seize private property without due process of law. The decree of the circuit court was, therefore, erroneous in granting a mandatory injunction against the plaintiff in error, in accordance with the prayer of the defendant in error, enforcing the ordinance of September 18, 1900, although the company had not only refused to assent *207 thereto, but had utterly repudiated it and challenged the right of council to enact it.
But is it a just contention that the original ordinance, that of February 11, 1895, which was assented to by the company, is invalid? We think that it is not. It is argued that this ordinance is within the inhibition of section 1691 of the Revised Statutes, which provides that “the council shall not enter into any contract which is not to go into full operation during the term for which all the members of such council are elected.” The context, Revised Statutes, section 1690, shows that the contracts referred to in section 1691 are contracts for “services performed, and supplies furnished for the corporation.” It is also apparent that in regard to contracts with gas companies, or rather ordinances regulating the price of gas, it is “otherwise provided in other divisions of this title,” namely, in Revised Statutes, section 2479. This objection to the ordinance may, therefore, be dismissed without further consideration.
It is also urged with great earnestness that section 2 of the ordinance of February 11, 1895, violates Revised Statutes, section 2479, because it provides “That said company, its successors and assigns, shall for a period of ten years from the first day of September, 1895, be entitled to charge,” etc. It is argued that inasmuch as the ordinance was passed February 11, 1895, and by its own terms was in force and took effect from and after its passage and legal promulgation, the provision of section 2 of the ordinance was in effect a fixing of the price of gas for a period exceeding, ten years, and therefore ultra vires. This argument proceeds upon the assumption that the period of ten years must begin to run on the date at which the ordinance was passed and went into effect. *208 Upon this premise it is contended that the price of gas is fixed by that ordinance for a period beginning on February 11, 1895, and extending to ten years from September 1, 1895, and hence is invalid. But this assumption is not only opposed to the express language of the ordinance which provides for a period of ten years beginning on September 1,1895, and ending September 1, 1905; but it ignores settled rules of statutory construction, first, the legislative intent, as already shown, when it can be ascertained with reasonable certainty, must prevail, and, second, there is no legal objection to different provisions of the same statute taking effect at different times at the will of the legislature. Plummer v. J ones, 84 Me., 58; Stone v. Charlestown, 114 Mass., 214; Workman v. Worcester, 118 Mass., 168; Rushville v. Rushville Natural Gas Co., 132 Ind., 575; Sutherland on Statutes, section 107. It is the manifest intention of the council which passed this ordinance to fix the price of gas for the period of ten years only, beginning on September 1, 1895, and since the council might legally prescribe that section 2 should take effect at a later date than the passage of the ordinance, we find no just reason for holding that such section is in any manner in conflict with Revised Statutes, section 2479.
It is also urged that the ordinance of February 1J, 1895, is invalid because it does not reserve the right to purchase the gas plant and its appurtenances during the existence of the contract, as required by Revised Statutes, section 2485. When we take into consideration the history of this, section and its language, it seems to us very clear that it applies only to the purchase of gas works, for the manufacture and supply of artificial gas. It was enacted long before natural gas became an article of commerce and included *209 only gas works for the manufacture and supply of such gas as was then used for illuminating purposes. It has not been amended and it therefore cannot.be presumed that the legislative intention has been enlarged. Counsel for the defendant in error seem to think it difficult to explain why the section of the Revised Statutes now under consideration does not apply to natural gas contracts while it is insisted Revised Statutes, section 2479, does so apply. The explanation is that section 2479 is plainly a limitation on the general power conferred in section 2478, which has been amended so as to expressly include natural gas companies.
It has been suggested by counsel for the defendant in error that if section 2 of the ordinance of February 11, 1895, is valid at all, it is only valid in respect to meter rates and that it did not exhaust the power of the council, under section 2478, to fix “flat rates” or non-meter rates. This theory ignores the fact that the power of the council is to regulate the price only of gas furnished and that when that has been done according to one standard, and accepted, it cannot be altered without the consent of the company within ten years by fixing another standard which may affect the limit of price previously fixed.
The conclusion, therefore, is that the ordinance of February 11, 1895, is valid and that the ordinance of September 18, 1900, is invalid, unless accepted in writing by the company.
The judgment of the circuit court will, therefore, be reversed, and speaking for myself only I think that, logically, we should stop there; but an order will be made that the plaintiff in error shall have the option to accept or reject the ordinance passed September 18, 1900, and if it elects to furnish gas at “flat rates” *210 it must do so according to tbe provisions, of tbe ordinance of September 18, 1.900, and that the company be enjoined from hereafter exacting contracts for “flat-rates” from consumers of gas, or enforcing such contracts hereafter made, except in accordance with the ordinance of September 18, 1900.

Reversed.

Burket, Spear and Shauck, JJ., concur.
Minshall, C. J., not sitting.